[Civ. No. 8724. Second Appellate District, Division Two.—February 21, 1933.]

FRIEND W. RICHARDSON, as Building and Loan Commissioner, etc., et al., Petitioners, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Arthur Frederick Coe and John L. Mace for Petitioners.

Newby & Newby for Respondents.

CRAIG, J.—The owners of certain real property instituted suit to declare usurious loans thereon, and at the same time were made defendants in a suit to foreclose a mortgage on said property, which said suits were consolidated for trial. The court below determined that, although usurious, the note was held by an innocent purchaser for value, that the owners were not entitled to the relief prayed by them, and decreed foreclosure, from which an appeal was perfected. The sale was enjoined pending appeal, provided a bond in the penal sum of $10,000 be furnished in accordance with said decree. Such undertaking having been held insufficient, another in lieu thereof was filed, and these undertakings were made grounds for the instant attack upon the restrictive provisions of said decree of foreclosure. The plaintiff, having obtained a writ of enforcement, insisted that said injunction order was ineffectual, and applied for a writ of *mandamus* requiring a sale of the mortgaged property.

Said decree contained the usual form of recitals, that amounts specified were due the plaintiff, and directing a sale of the property, that the proceeds of sale be applied to said obligations, that the defendants and subsequent lienholders be barred and foreclosed from equity of redemption from the delivery of a deed, that the purchaser be let into possession, and that judgment be entered for any deficiency. Contemporaneously, nevertheless, it was further ordered that "upon the solicitation and request of defendants . . . an injunction pending appeal shall issue herein restraining the mortgage foreclosure sale in the above-entitled cause upon appeal from the judgment of the court in this cause, provided the above-named defendants in this action diligently and in good faith prosecute their appeal from said judgment in this cause and in addition thereto within ten (10) days from and after the signing of these findings the above named defendants obtain and file a good and sufficient surety bond in this cause in the sum and amount of $10,-000.00, and in a form and content as shall be approved by this court, protecting and indemnifying the Fidelity Sav-

ings and Loan Association as provided by section 945 of the Code of Civil Procedure.'' The undertaking furnished pursuant to such decree recited jurisdictional facts, rendition of judgment in foreclosure, and that the defendants desired to appeal; that in ''consideration of the premises and of the issuing of said injunction pending said appeal, the surety undertakes in the sum of $10,000.00 and promises that *in case said injunction pending appeal shall issue,* the said defendants'' will promptly pay to the plaintiff any deficiency that may arise upon the mortgage foreclosure sale of the mortgaged premises, together with costs, attorneys' fees, damage, loss or injury arising from waste, etc. An injunction order substantially conforming to said decree was made and entered, and a subsequent motion seeking its dissolution was denied.

We are not convinced by the arguments and citation of authorities by the parties that a suspension of the right of sale was or might have been effected by the injunctive restrictions related. Section 945 of the Code of Civil Procedure we think was intended as the exclusive means of staying execution pending appeal in such a case. ''If the judgment or order appealed from, direct the sale or delivery of possession of real property, the execution of the same *cannot be stayed,* unless a written undertaking be executed on the part of the appellant, with two or more sureties, to the effect that during the possession of such property by the appellant, he will not commit, or suffer to be committed any *waste* thereon, and that if the judgment be *affirmed,* or the appeal *dismissed,* he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. When the judgment is for the sale of mortgaged premises, and the payment of a *deficiency* arising upon the sale, the undertaking must also provide for the payment of such deficiency.'' (Code Civ. Proc., sec. 945.)

It at once is obvious that the surety, in attempting to comply with a decree requiring security to protect the plaintiff ''as provided by section 945 of the Code of Civil Procedure'', did undertake that the defendants would pay any

deficiency arising upon foreclosure sale, and all costs, fees, and damage, loss or injury from waste. Since said section expressly proscribes any stay in the absence of such undertaking, it must have intended that the means expressed in other recitals of said decree and surety bond should be inoperative, and hence the same become superfluous. It further appears that when so required, a new undertaking in form and substance stipulated by the plaintiff was furnished, approved, and substituted in place and stead of the former. This latter also provided for the payment of "any deficiency that may arise", and all costs, loss, damage and attorneys' fees incurred or occasioned by this appeal, "any damage, loss or injury involved in this litigation and occasioned by the commission of any waste", not exceeding the sum of $10,000.

Holding, as we do, that the appeal was perfected and that the undertaking ostensibly given to secure injunctive relief is nevertheless effectual as a stay bond under section 945 of the Code of Civil Procedure, it follows that the petition must be denied.

The petition for a writ of mandate is denied.

Works, P. J., and Stephens, J., concurred.